IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN D. JENKINS,                           05-CV-1622-BR

       Plaintiff,                       OPINION AND ORDER

v.

STATE OF OREGON, MARTIN
RITTER, K. FRANCES HANSON,
*et al.*, are sued individually
and in capacity,

       Defendants.


**JOHN D. JENKINS**
2906 N. Second Street
La Grande, OR  97850
(541) 962-7002

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LIANI J. H. REEVES**
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss (#11). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

On May 1, 2005, Plaintiff drove an uninsured motor home from a garage to a nearby store. Defendant Martin Ritter, a state police trooper, pulled Plaintiff over and requested proof of current insurance. Plaintiff admitted he could not produce such proof. Accordingly, Officer Ritter cited Plaintiff for driving without proper insurance in violation of Or. Rev. Stat. § 806.010.

Plaintiff appeared in Union County Circuit Court to defend his case and, among other things, examined Officer Ritter about the circumstances of the ticket. The Union County Circuit Court found Plaintiff guilty of driving without insurance and fined Plaintiff $266, which Plaintiff did not pay.

Oregon Revised Statute § 806.010(4) requires a motorist convicted of driving without insurance to file a proof of future financial responsibility (SR-22 Form) with the Oregon Department of Motor Vehicles (DMV) for three years or the DMV will suspend the motorist's driving privileges pursuant to Or. Rev. Stat. §§ 806.220 and 806.230. Plaintiff did not provide the DMV with

2 - OPINION AND ORDER

the SR-22 Form.  As a result, the DMV suspended Plaintiff's driving privileges and assigned Plaintiff's fine to the Oregon Department of Revenue for collection.

On October 24, 2005, Plaintiff filed a Complaint in this Court in which he alleged Officer Ritter did not have probable cause to pull Plaintiff over.  Plaintiff also brought claims against Defendants alleging false arrest, "failure of the appellate court to grant a poor person's right to appeal in Forma Pauperis [sic]," and "maliciously inhibiting a poor person . . . from sitting out a fine in Union County Jail."

On November 23, 2005, the Department of Revenue issued a "Demand for Payment and Intent to Take Levy Action" against Plaintiff.  On November 29, 2005, Plaintiff filed a Motion for Injunction seeking to enjoin the Department of Revenue from collecting the payment and "coming to [Plaintiff's] address; going threw [sic] my wife's stuff and/or seizing some of her stuff, will result in plaintiff being thrown out and becoming homeless or, in the alternative, going to Utah and living in my friend's house, it if is available; thereby, closing down this Search for Justice."  On December 22, 2005, the Court heard oral argument and denied Plaintiff's Motion.

On December 19, Defendants filed a Motion to Dismiss on the grounds that the Court does not have subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine, the State is

3  - OPINION AND ORDER

not a person under § 1983, and the Complaint fails to state a claim on which relief can be granted.[1]

## **STANDARDS**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court must grant leave to amend unless the court determines the allegation of other facts consistent with the

---

[1] Because the Court decides Defendants' Motion on the basis of the *Rooker-Feldman* doctrine, the Court does not address Defendants' other bases for relief.

4 - OPINION AND ORDER

operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

Defendants contend Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing final determinations of state courts. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).

*Rooker-Feldman* is a jurisdictional doctrine rather than a *res judicata* doctrine. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998). In *Robinson v. Ariyoshi*, the court, explained:

> [T]he *res judicata* requirement of full and fair opportunity to litigate and the *Feldman* 'inextricably intertwined' barrier are two sides of the same coin.  Under the rubric of either 'jurisdiction' or '*res judicata*,' the crux of the question is whether there has already been actual consideration of and a decision on the issue presented.  If consideration and decision have been accomplished, action in federal court is an impermissible 'appeal' from the state court decision.  If no consideration has been given, or any decision on the matter is ambiguous, it is unlikely that the issues presented to the state high court and to the federal court are so 'inextricably intertwined' that the federal court cannot take jurisdiction.  Nor is it likely that there will have been a full enough and fair enough opportunity for litigation to warrant the claim preclusive effect of res judicata.

5 - OPINION AND ORDER

753 F.2d 1468, 1472 (9th Cir. 1985), *vacated on other grounds by* 477 U.S. 902 (1986).

Defendants assert this Court, therefore, may not "review" the decision of the Union County Circuit Court because Plaintiff had the opportunity in that court to dispute all of the issues raised in his Complaint before this Court.

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially seek review of state-court judgments. *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998). The doctrine bars the federal court's direct review of issues actually decided by state courts and consideration of any claim "inextricably intertwined" with the state-court decision. *Id*. The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection. *McNair*, 805 F.2d at 891. The Court does not find anything in the legislative history of 42 U.S.C. § 1983 to support the argument that a person who claims a federal right should have an unrestricted opportunity to relitigate issues in federal court that already were decided in state court. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975).

As noted, Plaintiff seeks damages against Defendants for false arrest, arrest without probable cause, "failure of the

6 - OPINION AND ORDER

appellate court to grant a poor person's right to appeal in Forma Pauperis [sic]," and "maliciously inhibiting a poor person . . . from sitting out a fine in Union County Jail."  The Court finds these are all matters inextricably intertwined with Plaintiff's fine for driving without insurance, the Union County Circuit Court's decision and Oregon Department of Revenue's enforcement of Plaintiff's fine for driving without insurance.  Thus, this Court concludes it lacks subject matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman doctrine*.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#11).

IT IS SO ORDERED.

DATED this 8th day of March, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER