IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN D. JENKINS,** | 05-CV-1622-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **STATE OF OREGON, MARTIN RITTER, K. FRANCES HANSON,** *et al.,* **are sued individually and in capacity,** | |
| Defendants. | |

**JOHN D. JENKINS**
2906 N. Second Street
La Grande, OR  97850
(541) 962-7002

      Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LIANI J. H. REEVES**
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

      Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (#22).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Reconsideration and, having reconsidered the merits of Plaintiff's arguments, the Court **DENIES** Plaintiff's request for the Court to alter or to amend its March 8, 2006, Opinion and Order granting Defendants' Motion to Dismiss or to alter or to amend its March 8, 2006, Judgment dismissing this matter.

The Court granted Defendants' Motion to Dismiss on the ground that all of the claims of Plaintiff's Complaint were matters inextricably intertwined with the Union County Circuit Court's decision that Plaintiff was guilty of driving without insurance and with the Oregon Department of Revenue's enforcement of Plaintiff's fine for driving without insurance.  Thus, this Court concludes it lacks subject matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman doctrine*.

In his Motion for Reconsideration, Plaintiff contends the Union County Circuit Court Judge "chose not to litigate" the constitutional issues raised in Plaintiff's Complaint filed in this Court.  Plaintiff, therefore, contends the Court should not have dismissed Plaintiff's Complaint.

As the Court held in its March 8, 2006, Opinion and Order, however, federal district courts lack jurisdiction under the

2  - OPINION AND ORDER

*Rooker-Feldman* doctrine over cases that essentially seek review of state-court judgments. *See Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998). The doctrine bars the federal district court's direct review of issues decided by state courts and consideration of any claim "inextricably intertwined" with the state-court decision. *Id*. The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection. *McNair*, 805 F.2d at 891. The fact that Plaintiff is not satisfied with the handling of his case by the Union County Circuit Court is not a sufficient basis to confer jurisdiction over his issues in this Court. Accordingly, this Court declines to alter or to amend its Opinion and Order issued March 8, 2006, or the Judgment entered March 8, 2006, in which the Court dismissed this matter.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration (#22), and, having reconsidered the merits of Plaintiff's arguments, the Court **DENIES** Plaintiff's request for the Court to alter or to amend its March 8, 2006, Opinion and Order or to alter or to amend its March 8, 2006, Judgment

3 - OPINION AND ORDER

dismissing this matter.

    IT IS SO ORDERED.

    DATED this 17th day of April, 2006.

                                 /s/ Anna J. Brown

                                 ANNA J. BROWN
                                 United States District Judge